# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RANDOLPH MCBRIDE,

                Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

                Defendant.

Case No. 16-CV-1645-JPS

**ORDER**

      Plaintiff filed this action complaining that the administrative law judge ("ALJ") evaluating his claim for disability insurance benefits and supplemental security income had erred in determining that he was not disabled. (Docket #1). Plaintiff initially submitted a brief in support of reversal of the ALJ's decision and for an order awarding him the sought-after benefits. (Docket #12). The Commissioner responded with a motion to remand the matter to the Social Security Administration ("SSA") pursuant to sentence four of 42 U.S.C. § 405(g) for a new hearing and decision. (Docket #13). The Commissioner claims that while the matter should be remanded to permit the ALJ to reassess Plaintiff's complaints of pain and back and eye impairment, the record is insufficiently developed to warrant an outright award of benefits from this Court. *Id.* at 3–4.

      Plaintiff thereafter withdrew his request for an award of benefits in this case and concurs with the Commissioner's request for remand. (Docket #15). However, the parties did not submit a joint stipulation for remand, because they disagree about what instructions should be given to the SSA on remand and whether this Court should recommend that a new ALJ be assigned to the case on remand. *Id.* at 1–2.

The Commissioner asks that this Court remand the case so that the ALJ can correctly "evaluat[e] the other source opinions of record pursuant to Social Security Ruling 06-3p, reevaluat[e] Plaintiff's residual functional capacity in accordance with Social Security Ruling 96-8p, and reevaluat[e] Plaintiff's symptoms in accordance with Social Security Ruling 16-3p as part of the rehearing process." (Docket #13-1). Plaintiff would prefer that the Court remand with far more detailed instructions, including direction to provide a *de novo* hearing and step-by-step instruction on what legal standards the ALJ should apply in arriving at a new decision. (Docket #15 at 1-2).

The Court, consistent with its usual practice, will not issue any of the instructions requested by the parties as part of the agreed-upon remand. Simply put, the Commissioner and the SSA are in the best position, on remand, to determine what course of action is necessary to comply with the dictates of the governing regulations, statutes, and constitutional provisions. Indeed, Plaintiff concedes that his proposed litany of instructions "does not require the ALJ to do anything that is not already required by Social Security regulations and rulings." *Id.* at 2. For that reason, the Court finds that such instructions are duplicative and unnecessary.

Thus, the Court will simply order that the ALJ issue a new decision consistent with all applicable rules and regulations as interpreted in relevant Seventh Circuit case law. While this does not guarantee the correct outcome, at least it will allow the ALJ to act in accordance with the Seventh Circuit's dictates. And if the ALJ were to make an adverse finding in error, Plaintiff would, of course, be able to appeal that denial.

Further, the Court will not instruct the SSA to assign a different ALJ than was assigned for Plaintiff's previous hearing. Such an instruction is only warranted when the ALJ has demonstrated "a degree of bias. . .that would disqualify him as a matter of due process from further participation in the litigation. . .in which event the Social Security Administration's own regulation would disqualify him." *United States v. Thouvenot, Wade & Moerschen, Inc.*, 596 F.3d 378, 386 (7th Cir. 2010) (citing 20 C.F.R. § 404.940). Plaintiff has identified deficiencies in the ALJ's decision, but he has not alleged, let alone proven, that the previously-assigned ALJ exhibited the kind of bias that would warrant reassignment. Indeed, Plaintiff concedes that he "cannot claim that there is a basis for asking the Court to recommend that a different ALJ be appointed to handle the claim on remand" except his personal belief that it "may reduce the likelihood another erroneous decision will be issued." (Docket #15 at 1). This is not the relevant inquiry for determining whether reassignment is appropriate.

For these reasons, the Court determines that the best course of action is to grant the Commissioner's motion to remand this case.

Accordingly,

**IT IS ORDERED** that the Commissioner's motion to remand the case (Docket #13) be and the same is hereby **GRANTED**; this matter be and the same is hereby **REMANDED** to the Commissioner of Social Security pursuant to Sentence Four of Section 205 of the Social Security Act, 42 U.S.C. § 405(g); and

**IT IS FURTHER ORDERED** that, on remand, the ALJ shall issue a new decision consistent with all applicable rules and regulations as interpreted in relevant Seventh Circuit case law.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 17th day of August, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge